Robert G. ADAMS, Petitioner,

v.

**MERIT SYSTEMS PROTECTION BOARD, Respondent.**

No. 02–3097.

United States Court of Appeals, Federal Circuit.

DECIDED: July 11, 2002.

Before NEWMAN, MICHEL, and PROST, Circuit Judges.

PER CURIAM.

Robert G. Adams petitions for review of the final decision of the Merit Systems Protection Board ("Board") dismissing his petition to reopen his case after he withdrew his appeal. For the reasons stated below, this court *affirms*.

DISCUSSION

Mr. Adams was employed as a Mail Handler with the United States Postal Service in Gary, Indiana. On June 1, 2001, he was removed from employment after

being charged with "Unacceptable Conduct in the form of a physical assault while on official duty and on postal property." Mr. Adams filed an appeal of his removal with the Board on July 6, 2001. However, before the administrative judge issued his decision on the merits of the case, Mr. Adams withdrew his appeal at a prehearing conference on July 30, 2001. Thus, the administrative judge dismissed his appeal.

Mr. Adams filed a petition for review with the Board requesting that the Board reopen his case and interview witnesses. The Board, however, dismissed Mr. Adams's petition for review because he had failed to meet the criteria set forth in 5 C.F.R. § 1201.115. The Board concluded that Mr. Adams had presented no new, previously unavailable evidence, and that the administrative judge made no error in law or regulation that would affect the outcome of his appeal. Thus, the initial decision of the administrative judge became final on November 5, 2001.

This court will affirm the Board's decision unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. 7703(c) (1994). The issue on appeal before this court is whether the Board's decision to dismiss Mr. Adams's appeal after he withdrew it was proper. "An employee's withdrawal of an appeal is an act of finality that removes the appeal from the Board's jurisdiction, and ... the Board will not reinstate an appeal once it has been withdrawn in the absence of unusual circumstances such as misinformation or new and material evidence." *Brown v. Dep't of Navy*, 71 M.S.P.R. 451, 453–54 (1996). On appeal, Mr. Adams has not argued that he obtained misinformation nor has he proffered any new, previously unavailable, evidence that would affect his case. Because the Board correctly held that Mr. Adams's decision to withdraw was not based on unusual circumstances such that he received incorrect or misleading information and failed to present any new and material evidence, we affirm.